UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
HERIBERTO FIGUEROA,

                              Plaintiff,

     -against-

THE CITY OF NEW YORK,
POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241),
SERGEANT THEOHARI KOUMNIOTES, AND
POLICE OFFICER WEGENS DESISTE (SHIELD 20235),

                           Defendants.

--------------------------------------------------------------------------X

**18 CV 847 (MKB)(RML)**

**FIRST AMENDED
COMPLAINT**

JURY TRIAL
DEMANDED

Plaintiff, HERIBERTO FIGUEROA, by and through his attorneys, **THE LAW**

**OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his First Amended Complaint,

respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees

        pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said

        rights are secured by said statutes and the Constitution of the United States of America.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth

        and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in

that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.

Civ. P. 38(b).

## PARTIES

6.      Plaintiff, HERIBERTO FIGUEROA, is, and has been, at all relevant times, a resident of the

County of Kings, City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a

duly authorized public authority and/or police department, authorized to perform all

functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned

municipal corporation, THE CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER

STEPHEN LOFFREDO (SHIELD 2241),was a duly sworn member of said department and

was acting under the supervision of said department and according to his official duties.

Defendant Loffredo is sued herein in his official and individual capacities.  At all times

hereinafter mentioned, Defendant Loffredo was assigned to the 90th Precinct of the NYPD.

10.     At all times hereinafter mentioned, the individually named defendant, SERGEANT

THEOHARI KOUMNIOTES, was a duly sworn member of said department and was acting

2

under the supervision of said department and according to his official duties. Defendant Koumniotes is sued herein in his official and individual capacities.  At all times hereinafter mentioned, Defendant Koumniotes was assigned to the 90th Precinct of the NYPD.

11.     At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER WEGENS DESISTE (SHIELD  20235),was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties. Defendant Desiste is sued herein in his official and individual capacities.  At all times hereinafter mentioned, Defendant Desiste was assigned to the 90th Precinct of the NYPD.

12.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

15.     On August 11, 2016, at approximately 7:40 p.m., Plaintiff HERIBERTO FIGUEROA was lawfully present at or near the intersection of South 4th Street and South 5th Place, in the County of Kings, City and State of New York.

16.     At that time and place, the Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD  20235), arrived in plain clothes and on duty.

3

17.    Plaintiff was not engaged in any suspicious or illegal activity.

18.    Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, the

Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT

THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD

20235), approached Plaintiff and asked if they could search Plaintiff.

19.    The Plaintiff complied with the Defendants' requests, but asked the Defendants why they

wanted to search him.

20.    The Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT

THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD

20235),did not provide Plaintiff with an explanation as to why they wanted to search him.

21.    The Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT

THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD

20235), continued to advance towards Plaintiff without providing any explanation.

22.    In response, the Plaintiff raised his hands above his head and took a step back.

23.    Without any legal basis or justification for doing so, at least one of the Defendants maced

Plaintiff in the face.

24.    Plaintiff was not engaged in any violent or threatening behavior, and there was no

justification for the Defendants to use any level of force against the Plaintiff, much less the

level of force that was actually used.

25.    At no time did Plaintiff resist arrest or act in any violent or threatening manner.

26.    Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, the

Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT

THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD

20235), forcefully placed the Plaintiff in handcuffs and formally arrested him, while pushing Plaintiff into the ground and forcefully digging their knees into Plaintiff's back.

27.  Despite their initial stated intention of searching the Plaintiff, the Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD 20235),in fact did not search the Plaintiff at the scene of the arrest.

28.  At no time on August 11, 2016, did Plaintiff commit any crime or violation of law.

29.  At no time on August 11, 2016, did Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD 20235),possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

30.  At no time on August 11, 2016, did Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD  20235), possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

31.  Nevertheless, Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD  20235), took Plaintiff into custody.

32.  Plaintiff was then transported to a local area hospital to receive treatment for the injuries he sustained at the hands of the Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD  20235),.

33.  Thereafter Plaintiff was transported to the stationhouse of a local area precinct.

5

34.     Plaintiff was held for several hours at the stationhouse before he was transported to Kings County Central Booking where he was held for several additional hours before he was arraigned on a criminal complaint containing false allegations provided by the Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD 20235).

35.     Specifically, Defendant Loffredo provided false statements to the Kings County District Attorney's office and swore to false allegations that Defendant Loffredo had informed the Plaintiff that Plaintiff matched the description of someone with a gun.

36.     This allegation was false as Defendant Loffredo never advised Plaintiff of this.

37.     Moreover, no gun was ever found on Plaintiff.

38.     Defendant Loffredo also provided false allegations to the Kings County District Attorney's office that Plaintiff refused to be searched, cursed at the Defendants, and walked away.

39.     These allegations are false, as Plaintiff repeatedly asked the Defendants why they wanted to search him and they provided no explanation.

40.     Moreover, Plaintiff did not walk away, but rather put his hands over his head and took a step back.

41.     Defendants Desiste and Koumniotes also provided false allegations that Plaintiff "smacked" their hands away.

42.     Each of these allegations were false and the Defendants knew the allegations were false when they made them.

43.     Additionally, the criminal complaint does not make mention of the fact that one of the Defendants maced Plaintiff while the other two Defendants failed to intervene, and that all three Defendants used force on him without any provocation.

6

44. Based on these false allegations, including material omissions, Plaintiff was charged with obstructing governmental administration in the second degree, disorderly conduct, and harassment in the second degree.

45. The Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD 20235), provided knowingly false and misleading information to prosecutors at the Kings County District Attorney's Office.

46. As a direct result of that false and knowingly misleading information, Plaintiff was falsely charged with the above crimes.

47. Plaintiff was eventually released from custody but was given a future court date to return.

48. As a direct result of the Defendants', POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD   20235), actions, Plaintiff was required to make several court appearances.

49. Despite Defendants' unconstitutional actions, all charges against Plaintiff were dismissed in their entirety on January 26, 2017 when he acceded to an adjournment in contemplation of dismissal.

50. As a result of the foregoing, Plaintiff HERIBERTO FIGUEROA sustained, *inter alia*, physical pain, physical injuries, and deprivation of his constitutional rights.

51. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

52. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the

7

Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

53.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

54.   The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

55.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

**FIRST CLAIM FOR RELIEF FOR
FALSE ARREST UNDER 42 U.S.C. § 1983
AGAINST POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241),
SERGEANT THEOHARI KOUMNIOTES,
AND POLICE OFFICER WEGENS DESISTE (SHIELD  20235**)

56.   Plaintiff HERIBERTO FIGUEROA repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

57.   As a result of the Defendants' POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD  20235) conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any

probable cause, privilege, or consent.

58.     As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause.

**SECOND CLAIM FOR RELIEF FOR**
**DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983**
**AGAINST POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241),**
**SERGEANT THEOHARI KOUMNIOTES,**
**AND POLICE OFFICER WEGENS DESISTE (SHIELD  20235**)

59.     Plaintiff HERIBERTO FIGUEROA repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

60.     Defendants POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241), SERGEANT THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE (SHIELD 20235) fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Kings County District Attorney's Office.

61.     As a result, Plaintiff suffered deprivation of his liberty, as he was required to make numerous court appearances to contest the false accusations against him.

62.     As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was detained and falsely arrested, and detained, without probable cause.

**THIRD CLAIM FOR RELIEF FOR**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**
**AGAINST POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241),**
**SERGEANT THEOHARI KOUMNIOTES,**
**AND POLICE OFFICER WEGENS DESISTE (SHIELD  20235**)

63.     Plaintiff HERIBERTO FIGUEROA repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at

length.

64.     As a result of the Defendants' POLICE OFFICER STEPHEN LOFFREDO (SHIELD 2241),

        SERGEANT THEOHARI KOUMNIOTES, AND POLICE OFFICER WEGENS DESISTE

        (SHIELD  20235) conduct, Plaintiff was subjected to illegal, improper and excessive force,

        and caused to sustain physical injuries, including, but not limited to, a pain to the face, eyes,

        back, arms, and shoulders, without any legal justification.

65.     As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety,

        and he was subjected to excessive force without any legal justification.

### FOURTH CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

66.     Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the

        same force and effect as if fully set forth herein and at length.

67.     The acts complained of were carried out by the aforementioned individual Defendants in

        their capacities as police officers and officials, with all the actual and/or apparent authority

        attendant thereto.

68.     The acts complained of were carried out by the aforementioned individual defendants in their

        capacities as police officers and officials pursuant to the customs, policies, usages, practices,

        procedures, and rules of THE CITY OF NEW YORK and the New York City Police

        Department, all under the supervision of ranking officers of said department.

69.     Those customs, policies, patterns, and practices include, but are not limited to:

        i.      failing to train officers on the proper use of force and, specifically, failing to
                train officers on how to properly use chemical agent spray;

        ii.     failing to train officers on how to intervene when they observe fellow officers

10

        engaged in an unlawful use of force against suspects;

      iii.     failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

      iv.     failing to properly train police officers in the requirements of the United States Constitution.

70.    The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

      i.     using an unjustified level of force on non-violent suspects during routine arrests;

      ii.     fabricating criminal allegations against suspects in order to justify the unlawful use of force;

      iii.     falsifying evidence and testimony to support the unlawful use of force and associated arrests;

      iv.     falsifying evidence and testimony to cover up police misconduct.

71.    Each of these customs, policies, patterns, and practices were condoned and endorsed by the City of New York through the NYPD's failure to discipline members of the NYPD.

72.    On March 5, 2016, BuzzFeed News published an article revealing that they had obtained hundreds of pages of internal police files which showed that from 2011 to 2015, at least 319 New York City Police Department officers were assigned to dismissal probation – rather than outright firing or other more serious disciplinary action – after they had been engaged in offenses serious enough to merit firing such as lying, cheating, stealing, or assaulting New York City residents.

73.    Rather than firing, these officers were allowed to keep their jobs.[1]

---

1 The article detailing the source of this information can be found here: https://www.buzzfeed.com/kendalltaggart/secret-

74.     Upon information and belief, dismissal probation is a period of about one year where an officer is allowed to keep his or her job at the usual salary, though the officer will not be promoted or eligible for overtime during that time period.

75.     For example, during his first six years on the force, officer Raymond Marrero was accused of numerous assaults, false arrest, and fabricating evidence.  By 2016 the City of New York had paid approximately $900,000 to settle lawsuits brought against officer Marrero. For two of the incidents, Marrero secretly pleaded guilty to multiple departmental charges such as striking an individual "with no legitimate police purpose," "making unnecessary physical contact," and "providing inaccurate, incomplete misleading answers" to department investigators.  Despite the foregoing, Marrero was not fired.  Instead, he was placed on dismissal probation and forfeited 45 days of vacation. Marrero remains on the force today and earned almost $120,000.00 last year.

76.     As other examples, Officer Lisa Marsh, then an officer at the 48th Precinct in the Bronx, covered up a crime and submitted false documents in connection with the investigation. Officer Carlos Reid "provided inaccurate facts" to the Manhattan District Attorney's Office about an arrest. Detective Jesus Roldan, who currently works in Brooklyn according to payroll records, "made inaccurate statements" while testifying under oath to a grand jury. All three of these officers are still on the force.

77.     This is precisely the conduct that has given rise to the constitutional violations against Mr. Figueroa alleged herein.  The Defendants subjected Mr. Figueroa to excessive force and the Defendants have continued to lie about it knowing that neither their use of excessive force

nypd-files-hundreds-of-officers-committed-serious?utm_term=.xu52gxRzY#.qp2mY89VG.  According to BuzzFeed, the police files which formed the basis for this article were provided by an anonymous source and they were verified through

nor their lying will be punished and they will remain on the job with the NYPD.

78. Each of these customs, policies, patterns, and practices were condoned and endorsed by the City of New York through the NYPD's use of a practice known as "dismissal probation," whereby NYPD employees who had committed serious offenses, such as using excessive force or lying in official reports, were allowed to keep their jobs.

79. In an Order dated November 30, 2009, in <u>Colon v. City of New York</u>, 09- CV-0008 (E.D.N.Y.) (Docket No. 34), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

80. Therefore, it is apparent that through the litigation brought in the Eastern and Southern Districts of New York, as well as the many cases filed in New York's State courts, that thousands of civilians have alleged that members of the NYPD have deliberately violated their civil rights. Thus, even if the municipal defendant was not the architect of the policies and routinized conduct causing these unlawful arrests, it was certainly on notice of the practice, and by failing to take any meaningful corrective steps, has ratified, endorsed, or otherwise communicated its acceptance of this policy to the officers it employs.

81. In an article in the New York Times on February 4, 2016, the link to which is

more than 100 calls to NYPD employees, visits to officers' homes, interviews with prosecutors and defense lawyers, and

http://nyti.ms/1nPv0mO, the City proudly announced that the NYPD had "created a new 40-member legal unit that develops evidence that the Law Department can use to defend lawsuits against the police, and the [Law Department] hired about 30 lawyers to bolster its litigation teams and to try more cases in court." According to this article, these steps were well-received by police union leaders.

82. Accordingly, rather than take meaningful steps to reduce and eliminate such misconduct by its officers, the City of New York and the NYPD have instead affirmatively announced a renewed commitment to defending such misconduct.

83. Stated differently, the City of New York's response to the litigation caused by misconduct on the part of the NYPD is, perplexingly, directed not at the deliberate, frequent, brazen constitutional violations giving rise to the litigation, but rather at defending such misconduct, thereby enabling officers to continue engaging in unconstitutional conduct without fear of being sued or held accountable. In so doing, the City has dispensed altogether with any pretense that such misconduct is not sanctioned, ratified, or otherwise endorsed by the City of New York and the NYPD's executive leaders and supervisory personnel.

84. Based on the foregoing, the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York, at the bare minimum, has been on notice of, and remained deliberately indifferent to, the risk that the undue emphasis on arrest quotas, or minimum activity levels, particularly when coupled with a decidedly and deliberately indifferent level of supervision, would lead to the violation of individuals' constitutional rights in general, and the violation of plaintiff's rights in particular.

a review of thousands of pages of court records.

85.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

86.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

87.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

88.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was subjected to excessive force.

89.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

90.   Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

91.   All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

i.   an order awarding compensatory damages in an amount to be determined at trial;

15

ii.      an order awarding punitive damages in an amount to be determined at trial;

iii.     reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.      directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       April 24, 2018

                           Respectfully submitted,

                           **LAW OFFICES OF MICHAEL S.
                           LAMONSOFF, PLLC**
                           *Counsel for the Plaintiff*

                                /s/
                    By:    JESSICA MASSIMI (JM-2920)
                           32 Old Slip, 8th Floor
                           New York, New York 10005
                           (212) 962-1020

16